## FOURTH DEPARTMENT, NOVEMBER, 1921.

BUFFALO BUILDERS' SUPPLY COMPANY, INC., Respondent, v. MENNO A. REEB, Appellant.

*Contracts — violation of contract justifying rescission — restitution required.*

Appeal from an interlocutory judgment of the Supreme Court, entered in the Erie county clerk's office November 23, 1920.

PER CURIAM: We are of the opinion that there was such a willful violation of material part of the contract by the defendant and consequent failure of consideration that plaintiff is entitled to maintain the action for rescission, within the doctrine of *Callanan* v. *K., A. C. & L. C. R. R. Co.* (199 N. Y. 268), and that the judgment of rescission was proper. We believe, however, that the plaintiff has not been required to do all that equity requires in the way of restitution. It appears that some of the tangible property has been used in the plaintiff's business, such as the trucks and other equipment, and that they have become old and dilapidated by constant use. A long time has elapsed since the property was transferred. The value was agreed upon at the time the contract was made and the plaintiff has dealt with it as its own. We think it should be required to account for such equipment and other tangible property the same as for the stock of merchandise

which plaintiff purchased and has disposed of in the course of carrying on the business, or which it still retains. This will do substantial justice between the parties and will permit the plaintiff to recover the amount paid for the good will of the business, as fixed by the appraisal. In view of this ·disposition we think a reference is unnecessary. The case should be remitted to the Trial Term for determination and to take such further proof as it deems necessary in order to do justice between the parties, and render final judgment thereon, and as so modified the judgment is affirmed, without costs of this appeal to either party. All concur. Interlocutory judgment modified in accordance with per curiam memorandum, and as so modified affirmed, without costs of this appeal to either party.